UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAULA OWENS,

    Plaintiff,

v.                                         Case No. 09-13583

DETROIT DIESEL CORPORATION, et al.,

    Defendants.
                                         /

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

Pending before the court is Plaintiff's motion to remand. Having reviewed the briefs, the court concludes a hearing on this motion is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant Plaintiff's motion and will remand the case to Wayne County Circuit Court.

**I. BACKGROUND**

On August 10, 2009, Plaintiff filed a complaint in Wayne County Circuit Court alleging (1) "Violation of Elliot[t]-Larsen Civil Rights Act - Sexual Harassment," (2) "Violation of Elliot[t]-Larsen Civil Rights Act - Retaliation," and (3) "Intentional Infliction of Emotional Distress." Defendant Detroit Diesel Corporation was served on August 19, 2009, and filed a notice of removal to this court on September 10, 2009. In the notice of removal, Defendant states that the court has original jurisdiction based on diversity of citizenship. (Notice of Removal ¶ 5.) In support, Defendant states that "Plaintiff was and is a citizen of South Carolina." (*Id.* ¶ 6.) Regarding its own citizenship, Defendant states it "is a Delaware Corporation with its principal place of business in Detroit, Michigan." (*Id.* ¶ 7.)

On October 7, 2009, a scheduling conference was held. At the conference, Plaintiff's counsel stated his intention to file a motion to remand, which he then filed on October 9, 2009. In the motion to remand, Plaintiff argues that removal was improper under 28 U.S.C. § 1441(b) (the "home state defendant rule") because Plaintiff's claims arise solely under state law and Defendant is a citizen of Michigan. (Pl.'s Mot. at 2.) Defendant argues that the home state defendant rule does not apply to it because it was not "properly joined and served" as a defendant. (Def.'s Resp. at 5 (quoting 28 U.S.C. § 1441(b)).) Specifically, Defendant alleges that it was not "properly . . . served" because Plaintiff's counsel did not sign the summons it received. (Def.'s Resp. at 8.)

## II. STANDARD

A case is removable if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Where original jurisdiction is founded solely on diversity of citizenship, an action is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* § 1441(b).

The home state defendant rule is not jurisdictional, but only a "procedural removal requirement," a defect in which is waived by failing to file a timely motion to remand. *RFF Family P'ship, LP v. Wasserman*, 316 F. App'x 410, 411 (6th Cir. 2009) (per curiam). A "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c).

Because removal implicates "federalism concerns, removal statutes are to be narrowly construed." *Long v. Bando Mfg. Of Am., Inc.*, 201 F.3d 754, 757 (6th Cir.

2000); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999) ("In interpreting the statutory language, we are mindful that the statutes conferring removal jurisdiction are to be construed strictly because removal jurisdiction encroaches on a state court's jurisdiction."). Any doubt should be resolved in favor of remand. *See Brierly*, 184 F.3d at 534.

### III. DISCUSSION

As an initial matter, the motion to remand was timely. *See* 28 U.S.C. § 1447(c). The case was removed on September 10, 2009, and Plaintiff filed her motion to remand on October 9, 2009, which was within the 30 days provided by statute for filing a motion to remand. *See id.*

As a home state defendant, the removal by Defendant was procedurally improper. *See* 28 U.S.C. § 1441(b). For diversity purposes, a corporation is deemed a citizen in the state where it is incorporated as well as the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Because Defendant has its principal place of business in Michigan, it is deemed a citizen of Michigan and, as such, Defendant may not remove an action to a federal court in Michigan based solely on diversity of citizenship. *See* 28 U.S.C. § 1441(b). This action, based solely on diversity of citizenship, was thus improperly removed. *See id.*

In its response, Defendant does not dispute that it is a Michigan citizen. Defendant argues that the home state defendant rule applies only to those defendants that were properly served at the time of removal.[1] (*Id.* at 5.) In support, Defendant

---

[1] The policy behind the "properly joined and served" language in the removal statute is to "prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even

3

recites the language of the statute which states that a diversity action "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." (*Id.* (quoting 28 U.S.C. § 1441(b)).)  Defendant argues that it had not been "properly served" at the time of removal (Def.'s Resp. at 7.), and asserts that the home state defendant rule therefore does not preclude its removal of this case to federal court. (*Id.* at 5-8.)

The court does not agree that Defendant was not properly served at the time of removal.  Plaintiff is correct in her argument that the requirements of a summons are governed by Michigan Court Rule 2.102 and that the summons in the present case complied with this rule.  (*See* Pl.'s Reply at 3.)  Under Michigan Court Rule 2.102, a summons must include:

    (1)    the name and address of the court,
    (2)    the names of the parties,
    (3)    the file number,
    (4)     the name and address of the plaintiff's attorney or the address of a
           plaintiff appearing without an attorney,
    (5)    the defendant's address, if known,
    (6)    the name of the court clerk,

---

serve." *Stan Winston Creatures, Inc. v. Toys "R" Us, Inc.*, 314 F. Supp. 2d 177, 181 (S.D.N.Y. 2003).  Based on this policy and the statutory text, district courts are split on whether a home state defendant who is not "properly joined and served" may remove a diversity action to federal court. *Compare, e.g.*, *Vitatoe v. Mylan Pharms., Inc.*, No. 1:08cv85, 2008 WL 3540462 (N.D.W. Va. Aug. 13, 2008) (holding that forum defendant could properly remove if not served because "policy arguments notwithstanding, the statutory language of § 1441(b) requiring that the forum defendant be 'joined and served' to preclude removal is unambiguous and must be given its plain meaning"); *with, e.g.*, *Ethington v. Gen. Elec. Co.*, 575 F. Supp. 2d 855, 864 (N.D. Ohio 2008) (holding that forum defendant could not properly remove, even if not served, because "[a]fter considering Sixth Circuit precedent on statutory interpretation and carefully reviewing case law on both sides of a federal district court split, the Court finds that applying the plain language of § 1441(b) would produce a result demonstrably at odds with Congressional intent underpinning the forum defendant rule, and specifically with the 'properly joined and served' language").

    (7)     the date on which the summons was issued,
    (8)     the last date on which the summons is valid,
    (9)     a statement that the summons is invalid unless served on or before the last date on which it is valid,
    (10)    the time within which the defendant is required to answer or take other action, and
    (11)    a notice that if the defendant fails to answer or take other action within the time allowed, judgment may be entered against the defendant for the relief demanded in the complaint.

Mich. Ct. R. 2.102(B). The summons which was served on Defendant and which is attached to its notice of removal as Exhibit 1 complies with all of the requirements of Michigan Court Rule 2.102. Nowhere in the Rule is it required that the summons be signed by Plaintiff's counsel.

      Defendant cites no case for the proposition that a summons must be signed by counsel, but argues based only upon a Michigan Court Rule that states, "Every document of a party represented by an attorney shall be signed by at least one attorney of record." Mich. Ct. R. 2.114(C)(1). Defendant points out that this rule applies to "all pleadings, motions, affidavits, and other papers provided for by these rules," *Id.* 2.114(A), and argues that a summons "clearly" constitutes an "other paper" (Def.'s Resp. at 7). But even if a summons does constitute an "other paper," it does not necessarily mean that it is a "document of a party," which is what triggers the signature requirement. Mich. Ct. R. 2.114(C)(1). A summons is issued by the court clerk, not the attorney or the party. *See id.* 2.102 ("On the filing of a complaint, the court clerk shall issue a summons to be served as provided in MCR 2.103 and 2.105."). Indeed, a summons is not issued in the name of the party, but instead a "summons must be issued 'In the name of the people of the State of Michigan', under the seal of the court that issued it." *Id.* 2.102(B). The summons, therefore, is not a "document of a party"

5

triggering Rule 2.114's signature requirements, but instead a document of the court, for which Rule 2.114 is inapplicable.[2]

Defendant relies secondarily on the summons form itself in support of its argument that service was not proper. (Def.'s Resp. at 8.) Specifically, Defendant points to the line for "Signature of attorney/plaintiff" on the summons form. (*Id.*) However, it is Michigan Court Rule 2.102(B), not a standardized, preprinted court form, that governs the requirements of a summons. Also, directly above the signature line, the form states, "I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief." (Notice of Removal Ex. 1.) The signature line, therefore, is obviously referring to the "complaint information," and not the summons. Plaintiff's counsel signed the complaint on page twelve, and under Michigan Court Rule 2.114, by signing the complaint, he certified that "to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well-founded in fact." The signature line on the preprinted summons, stating that "to the best of information, knowledge, and belief" the "complaint information" is true, is redundant. Additionally, the summons form contains other language that is not required in a summons. For example, the summons form has boxes available to be ticked asking whether there are pending actions arising out of the same transaction or occurrence and whether there are pending actions within the jurisdiction of the family division of circuit court, and a space to fill in the docket number and judge of a prior "civil/domestic relations action." (Notice of Removal Ex. 1.) These additional items

---

[2] Viewing the summons as a document of the court is in accord with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(a)(1)(F),(G) ("A summons must . . . be signed by the clerk; and bear the court's seal.").

6

appear to be designed for the administrative convenience of the court, and are not required by the Michigan Court Rules to be contained in a valid summons.  The court is not persuaded that the presence of a signature line on the form gives rise to a signature requirement for a valid summons.

Even if Michigan Court Rule 2.114 did require that counsel sign a summons, Defendant cites no law supporting its contention that counsel's failure to sign a summons constitutes anything other than "proper" service.  Indeed, the only case cited by Defendant, *Chapelle v. Webster*, 81 N.W. 341 (Mich. 1899), held that service was improper because the justice of the peace did not sign a writ of replevin.  That a *court* order issued without a *judicial* signature was found invalid in no way supports Plaintiff's contention that the absence of an *attorney's* signature on a court form such as a summons renders it similarly invalid.  Moreover, Rule 2.114 provides a specific remedy for failure to sign, stating, "If a document is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the party."  Mich. Ct. R. 2.114(C)(2).  Defendant does not contend that the summons in this case was stricken, or that it ever moved to do so before filing its notice of removal, which is the pertinent time for determining the propriety of removal.  *See Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).  The court therefore concludes that Defendant was properly served.[3]

---

[3]Even if the court had determined that service of process did not technically comply with Michigan law, it would not necessarily follow that Defendant was not "served" for purposes of 28 U.S.C. § 1441(b).  *See Stan Winston Creatures, Inc.*, 314 F. Supp. 2d at 181 (stating that whether a party is properly served under 1441(b) was a "question of federal law"); *see generally Shamrock Oil & Gas Corp.*, 313 U.S. 100, 104 (1941), *superseded by statute on other grounds as recognized in Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 697 (2003) ("The removal statute which is

7

## IV. CONCLUSION

Under the plain language of § 1441(b), removal is improper to the Eastern District of Michigan when subject matter jurisdiction is founded solely on diversity of citizenship and the defendant is a Michigan citizen.  *See* 28 U.S.C. § 1441(b).  Although this rule is procedural, not jurisdictional, *see RFF Family P'ship,* 316 F. App'x at 411, the rule was nonetheless timely invoked by Plaintiff under § 1447(c).  Even if a removing home-state defendant could circumvent this black letter rule by claiming it was improperly served, Defendant in this case has failed to show that it was not properly served because it has not demonstrated that the summons it unquestionably received failed to comply with the clear requirements of Michigan Court Rule 2.102(B).  Accordingly,

IT IS ORDERED that Plaintiff's "Motion to Remand" [Dkt. # 9] is GRANTED.  The case is remanded to Wayne County Circuit Court.

                                              s/Robert H. Cleland
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated:  November 16, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 16, 2009, by electronic and/or ordinary mail.

                                              s/Lisa G. Wagner
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522

---

nationwide in its operation, was intended to be uniform in its application, unaffected by local law definition or characterization of the subject matter to which it is to be applied.").  Indeed, it strikes the court as odd to base the propriety of removal on whether or not a state's law requires an attorney to sign a summons.  Regardless, Plaintiff was "properly served" under both Michigan law and in "any ordinary sense of the word."  *Stan Winston Creatures, Inc.*, 314 F. Supp. 2d at 181.